**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ALFRED LEE STONE, #599665,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **3:10-CV-1100-O** |
| | § | |
| **STATE OF TEXAS,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Petitioner Alfred Lee Stone, a state prisoner appearing *pro se*, filed a motion for relief of judgment along with a motion for leave to proceed *in forma pauperis* and a motion for service on the Dallas County District Attorney. Petitioner seeks relief from an unspecified "final judgment and order" entered by the Dallas County District Court and the Texas Court of Criminal Appeals which he claims denied him habeas corpus relief with respect to his underlying criminal conviction in No. F91-42452T. For the reasons stated herein, the motion for relief of judgment, construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, should be dismissed.

In 1991, Petitioner was convicted of burglary of a building and sentenced to 70 years confinement. *See State v. Stone*, No. F91-42452T. His conviction and sentence were affirmed on direct appeal. *Stone v. State*, 1993 WL 147086 (Tex. App. 1993, pet ref'd). Upon the

conclusion of state habeas proceedings, Petitioner unsuccessfully sought federal habeas relief in this court. *See Stone v. Collins*, No. 3:94-CV-0337 (N.D. Tex. 1994) (denying habeas relief on the merits); *Stone v. Director*, No. 3:95-CV-2595 (N.D. Tex. 1996) (dismissing habeas corpus petition under former Rule 9(b)); *Stone v. Director*, 3:97-CV-2586 (N.D. Tex. 1998) (dismissing habeas petition as successive for want of jurisdiction). The United States Court of Appeals for the Fifth Circuit twice denied his requests for leave to file a successive habeas petition, *see In re Stone*, No. 00-10200 (5th Cir. Mar. 14, 2000), and then sanctioned Petitioner $100 for filing frivolous motions for authorization to file successive habeas petitions, s*ee In re Stone*, No. 00-10459 (5th Cir. May 25, 2000). Petitioner is now barred from filing any further motion for leave to file a successive habeas corpus petition in the Fifth Circuit until he has paid the $100 sanction. *Id.*

In addition to the above cases, Petitioner has a long history of filing frivolous lawsuits in the civil rights and habeas context. *See Stone v. Cantrell*, 2003 WL 21649957 (N.D.Tex. Feb.19, 2003) (No. 3:03-CV0102-K) (Kinkeade, J.) (citing eight cases filed by Petitioner that were summarily dismissed as frivolous). This abuse of the judicial system prompted one judge in the Southern District of Texas to bar petitioner from filing any future civil actions "unless the suit is accompanied by the entire filing fee of one hundred fifty dollars ($150.00) for a civil complaint or five dollars ($5.00) for a habeas corpus petition and by written permission to file from a United States District Court or Magistrate Judge or from a Judge of a United States Court of Appeals." *Stone v. Johnson*, No. 4:00-CV-1496, or. at 3 (S.D. Tex. Jun. 14, 2000).

This court is required to enforce sanctions against prisoners imposed by judges in other federal courts in Texas. *See* Misc. Order 48 (N.D.Tex. Nov. 15, 1993). Indeed, three lawsuits

filed by Petitioner in this district after the sanction order was entered have been summarily

dismissed. *See Stone v. Wiley*, 2005 WL 1521732 (N.D. Tex. Jun. 27, 2005) (3:05-CV-1291-L)

(Lynn, J.); *Stone v. United States of America*, 2005 WL 221407 (N.D. Tex. Jan. 31, 2005) (7:05-

CV-016-R) (Buchmeyer, J.), appeal dism'd, No. 05-10299 (5th Cir. Apr. 18, 2005); *Stone v.*

*Dretke*, 2004 WL 2937416 (N.D. Tex. Dec.17, 2004) (3:04-CV-2496-H) (Sanders, J.), rec.

adopted, 2004 WL 3019451 (N.D.Tex.  Dec. 29, 2004).

Petitioner has neither paid the statutory filing fee nor sought permission to file this case

from a judge of this court.  Accordingly, his motion for relief of judgment, construed as a habeas

corpus petition, should be dismissed as barred by the sanction order in *Stone v. Johnson*, No.

4:00-CV-1496, or. at 3 (S.D. Tex. Jun. 14, 2000).

RECOMMENDATION:

For the foregoing reasons, it is recommended that the motion for relief of judgment,

construed as a habeas corpus petition, be DISMISSED as barred by the sanction order in *Stone v.*

*Johnson*, No. 4:00-CV-1496, or. at 3 (S.D. Tex. Jun. 14, 2000), and that the motions for service

and to proceed *in forma pauperis* (Doc. #2-3) be DENIED as moot.

Signed this 21st  day of June, 2010.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.